**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

      vs.                                      Criminal Action 2:12-CR-0094
                                                Judge Graham

**DENNIS ANTONIO JUAREZ REYES,
aka Victor Colon Rosario**

## REPORT AND RECOMMENDATION

On June 1, 2012, defendant Dennis Antonio Juarez Reyes entered a plea, pursuant to the provisions of Rule 20 of the Federal Rules of Criminal Procedure, *see Consent to Transfer of Case for the Plea and Sentence*, Doc. No. 12, to Count 1 of an *Indictment* returned in the District of Puerto Rico. *See Report and Recommendation*, Doc. No. 18. Because the *Indictment* had been rendered moot by a *Superseding Indictment* that had been inadvertently excluded from the Rule 20 documents received from the District of Puerto Rico, however, defendant's guilty plea was thereafter withdrawn. *Order*, Doc. No. 22. On June 21, 2012, defendant appeared with his counsel to plead guilty, pursuant to a plea agreement, *Plea Agreement*, Doc. No. 25,[1] to Count 1 of the *Superseding Indictment*, which charges conspiracy to commit identification fraud in violation of 18 U.S.C. § 1028. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d

---

[1] The *Plea Agreement* includes a waiver of defendant's right to appeal his sentence "unless the sentence exceeds the maximum permitted by statute or exceeds the maximum penalty calculated under the Advisory Sentencing Guidelines" as calculated in this case. *Plea Agreement*, Doc. No. 25, ¶ 13.

261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charge returned in the *Superseding Indictment* and the consequences of the plea. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on June 21, 2012, *Plea Agreement,* Doc. No. 25, represents the only promises made by anyone regarding the charge in the *Superseding Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge, which is attached to the *Plea Agreement.* He confirmed that he is pleading guilty to Count 1 of the *Superseding Indictment* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Superseding Indictment* is knowingly and voluntarily made with

understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant Dennis Antonio Juarez Reyes's guilty plea to Count 1 of the *Superseding Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 21, 2012                                  *s/ Norah McCann King*
 Date                                          Norah McCann King
                                         United States Magistrate Judge